# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | COMPLAINT AND JURY DEMAND |
| PROCTOR FINANCIAL, INC., | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Angela Kellogg, who is African American. As alleged with greater particularity in paragraphs 11-14 below, the Equal Employment Opportunity Commission alleges that Defendant, Proctor Financial, Inc., violated Title VII by discriminating against Angela Kellogg by retaliating against her because she complained about race discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Proctor Financial, Inc. ("the Employer"), has continuously been doing business in the State of

Michigan and the City of Troy and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Angela Kellogg filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On June 5, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On February 19, 2019, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant

that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since November 2016, Defendant Employer has engaged in unlawful employment practices at its Troy, Michigan, facility in violation of Section 704(a), 42 U.S.C. § 2000e-3(a), by retaliating against Angela Kellogg for complaining about race discrimination.

12. On or about June 29, 2016, Kellogg filed EEOC Charge No. 471-2016-02844 against Defendant wherein she alleged she was discriminated against because of her race, black or African American.

13. During the Commission's investigation of this charge, Kellogg was written up and suspended for three days.

14. When Kellogg was disciplined, she had worked for Defendant for 8 years without being disciplined. Similarly situated employees were not likewise disciplined for the same or similar reasons. In addition, she was not disciplined until after she complained about race discrimination and filed her EEOC Charge.

15. The unlawful employment practices complained of in paragraphs 11-14 above were intentional.

16. The unlawful employment practices complained of in paragraphs 11-14 above were done with malice or reckless indifference to the federally protected rights of Kellogg.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who complain about discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which ensure employees who engage in protected activity are protected from retaliation.

C. Order Defendant Employer to make whole Angela Kellogg by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Angela Kellogg by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above, including job search expenses and loss of benefits, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Kellogg by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-14 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Angela Kellogg punitive damages for its malicious and reckless conduct, as described in paragraphs 11-14 above, in amounts to be determined at trial.

G. Grant such other relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

s/ Kenneth L. Bird
KENNETH L. BIRD
Regional Attorney

s/ Omar Weaver
OMAR WEAVER (P58861)
Supervisory Trial Attorney

s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT FIELD OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410

Dated: June 27, 2019         nedra.campbell@eeoc.gov