# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 2:19-cv-11911 |
| Plaintiff, | ) ) ) | Hon. Linda V. Parker<br>Magistrate David R. Grand |
| v. | ) ) | |
| PROCTOR FINANCIAL INC., | ) ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| Kenneth L. Bird<br>Omar Weaver (P58861)<br>Nedra Campbell (P58768)<br>Equal Employment Opportunity Commission<br>865 Patrick V. McNamara Building<br>477 Michigan Ave., Rm. 865<br>Detroit, MI 48226<br>(313) 226-3410<br>nedra.campbell@eeoc.gov | Marlo Johnson Roebuck (P65640)<br>Gillian P. Yee (P68972)<br>Counsel for Defendant<br>Jackson Lewis P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>marlo.roebuck@jacksonlewis.com<br>gillian.yee@jacksonlewis.com |

## **CONSENT DECREE**

The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Proctor Financial, Inc. (hereinafter "Proctor") to enforce Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e ("Title VII"). The Commission alleged that Proctor

violated Title VII by suspending Angela Kellogg in retaliation for Kellogg filing a charge with the EEOC.

The parties agree that this action should be resolved by entry of this Consent Decree ("Decree"). It is understood that this Consent Decree does not constitute an admission by Proctor Financial of any violation of the law, including, but not limited, to Title VII. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree fully and finally resolves all matters in controversy or claims and issues arising out of the Complaint filed in this case.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED:

## **ANTI-RETALIATION**

1.     Proctor and its officers, agents, employees, attorneys, successors, and all persons in active concert or participation with them will for the duration of this Decree refrain from retaliating, or aiding any agents or contractors in retaliating, against any employee because

s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of discrimination or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding brought under federal laws prohibiting discrimination or retaliation.

## MONETARY RELIEF AND REFERENCE

2. Within fourteen (14) business days after this Decree has been entered by the Court, Proctor shall pay a total amount of $67,000.00 in monetary relief to Angela Kellogg. Of this monetary payment, $651.92 shall be considered back pay, and $66,348.08 shall be considered compensatory damages. Proctor shall make these payments to Kellogg at the address provided by the Commission. Proctor shall issue Kellogg a W-2 for the amount designated as back pay, less appropriate taxes and withholdings, and a 1099-MISC for the remaining amount, in the ordinary course of business. Proctor shall not deduct the amount of the employer's share of any costs, taxes, or social security payments required by law to be paid by Proctor.

3. Proctor shall provide a neutral job reference.

4. Within ten (10) days after payment has been made, Proctor shall mail a copy of the checks to Kenneth L. Bird, Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## NOTICE POSTING

5. Within ten (10) days from the entry of this Consent Decree, Proctor shall post the Notice attached as Attachment A, in a conspicuous place where employees' notices are posted. This Notice shall be posted throughout the term of this Consent Decree. Should the notice become defaced, marred or otherwise made unreadable, Proctor will post a readable copy of the Notice in the same manner as soon as practicable.

## TRAINING

6. Annually for three (3) years from the effective date of this Decree, Proctor shall train all Company employees who work at its Michigan location including managers, supervisors, officers, and directors, on race discrimination and retaliation, in accordance with the following:

The first training of active employees shall occur within forty-five (45) days of the date this Decree is entered by the Court. Each subsequent training shall occur within twelve (12) months after the first training. Proctor shall keep a registry of all employees who take the training. Proctor shall retain the registry for the duration of this Decree and forward a copy of all attendees to Kenneth L. Bird, Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 via regular mail and via email to monitoring-eeoc-indo@eeoc.gov.

## POLICIES

7. Within ten (10) days of the date of this Decree has been entered by the Court, Proctor shall provide copies of its written policies concerning retaliation to the Commission's Regional Attorney at the address listed above. These policies shall be distributed to each current employee within thirty (30) days of the date this Decree has been entered by the Court and to each new employee when hired.

## REPORTING BY PROCTOR AND ACCESS BY EEOC

8. Proctor shall submit the following in writing form to the Commission's Regional Attorney at the address provided above:

A. A copy of the policies required above (see ¶ 7);

B. A report including an internal employee identification number and the employee's position of every Company employee who works at its Michigan location who has complained about race discrimination or retaliation under laws enforced by the EEOC during the first six (6) months from the date this Decree is entered by the Court. For purposes of this paragraph, "complained" means lawsuits, administrative charges, demands for arbitration, calls to the EthicsPoint hotline, and reports made to its Team Resources leader. The nature of the complaint, Proctor's investigatory efforts, and corrective action taken, if any, also shall be specified. If no such complaints were made, Proctor shall submit the required report and indicate that it did not receive any complaints during that time period. Additional reports shall be submitted every six (6) months for the duration of this Decree.

C. The registry of persons attending the training required above, and a list of current personnel employed by Proctor Financial's Michigan location on the days of the training;

D. Confirmation that (i) the Notice required above was posted, and the locations where it was posted; and (ii) the policies above were distributed to each new Company employee hired within the relevant time period.

## DURATION

9. Absent extension, this Decree shall expire by its own terms at the end of the three (3) years from the date it has been entered by the Court without further action by the parties.

## DISPUTE RESOLUTION AND COMPLIANCE

10. This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court. All parties may conduct discovery under the

Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance. Should the Court determine that Proctor has not complied, the Court may order appropriate relief, including extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

11. If Proctor fails to comply with any provision of this Decree, it shall have ten (10) days to cure its non-compliance. If the Court determines Proctor did not comply, a penalty shall accrue at the amount of $750 per day, until Proctor is in compliance with the Decree.

12. In the event Proctor does not comply with any provision of this Decree, and the Commission must petition the Court to order Proctor to comply, the Commission is entitled to an order requiring the payment of the daily penalty provided for in the above paragraph. In addition, Proctor shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

## MISCELLANEOUS

13. Except as provided in paragraphs 11 through 13, each party will bear its own costs and fees.

14. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

15. Any modifications to this Decree must be entered by the Court.

16. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Proctor. Before selling any or all of the business, Proctor shall notify all potential buyers and bidders of this Decree and its terms. Among other things, such notice shall include a copy of this Decree, personally served by Proctor.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 20, 2022

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PROCTOR FINANCIAL, INC. |
| s/ Nedra Campbell_____ | s/ Gillian Yee_____ |
| Nedra Campbell (P58768) | Marlo Johnson Roebuck (P65640) |
| Patrick V. McNamara Federal Bldg. | Gillian P. Yee (P68972) |
| 477 Michigan Ave., Rm. 865 | JACKSON LEWIS P.C. |
| Detroit, Michigan 48226 | 2000 Town Center, Ste. 1650 |
| (313) 226-3410 | Southfield, MI 48075 |
| Nedra.campbell@eeoc.gov | (248) 936-1900 |
| Date: December 15, 2022 | marlo.roebuck@jacksonlewis.com |
| | gillian.yee@jacksonlewis.com |
| | Date: December 15, 2022 |

ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

Pursuant to Title VII, it is unlawful for an employer to retaliate against an employee because s/he has opposed discriminatory employment practices or filed a charge with the EEOC. An employee shall not be retaliated against because s/he has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because s/he has participated in an investigation of a charge of discrimination.

Any employee who believes that s/he has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, genetic information, or disability should immediately let management know in accordance with the employment policies provided. You also have the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Proctor Financial will not retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

PROCTOR FINANCIAL, INC.

By:_____ Date _____

**This Notice shall remain posted for the term of three years, until December 31, 2025.**